[No. 17224. Department One. November 21, 1922.]

W. B. STAPLES et al., Appellants, v. JAMES D. ESARY et al., Respondents.[1]

CONTRACTS (179)—ACTION FOR BREACH—COMPENSATION FOR SERVICES—EVIDENCE—SUFFICIENCY. In an action upon a contract whereby plaintiff's shipbuilding plant was leased for the completion of a ship at the rate of "two men's wages," with eight dollars per day additional for the proprietor's time, it was error to grant a nonsuit, in the proprietor's action for the wages, on the theory that he had waived that portion of the claim relating to his wages because of the remark, in fixing the "two men's wages" at $13.76 on the basis of wages paid to two other carpenters, "no matter what you were to pay" to the proprietor; since it was clear that the same had reference to the difference between the wages paid the other carpenters and his own, the evidence clearly showing he was to have that in addition to the rental of the plant.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 18, 1922, upon

[1]Reported in 210 Pac. 793.

granting a nonsuit, dismissing an action on contract. Reversed.

*Elias A. Wright* and *Sam A. Wright,* for appellants.

*Byers & Byers,* for respondent.

MITCHELL, J.—Plaintiff W. B. Staples was the owner of and engaged in operating a mill or plant suitable for the building of boats. The defendant James D. Esary was having the hull of a launch constructed elsewhere, but desired to have the boat finished at the plant of the plaintiff. Upon inquiry by the defendant, Mr. Staples offered to do the work in consideration of a price equal to four carpenters' wages, the general per diem of which was somewhat uncertain at that time, for the use of the mill and plant, and the further consideration of $8 per day to be paid him for his work, and pay for overtime. The defendant expressed satisfaction and stated that he would think it over. Shortly thereafter, without any further understanding, defendant took the craft to the plant to have it completed. He employed a number of carpenters on the work besides W. B. Staples, who worked on it continuously, including some overtime.

Upon completing the work, which required one hundred thirteen and one-half days, the defendant asked for a statement, to which the plaintiff replied "Jim, there is nothing to do. You know what the agreement was, and I want to do what is right by you. We got along nicely. We will cut that four men down to two men's wages. . . . For myself I want $8 a day." The defendant replied: "That is good. I will give you $1,000 on account and you send in your bill." It appears that the defendant paid his other carpenters $6.88 a day, so that the bill or statement was reckoned on the basis of $13.76 a day for the use of the plant,

one hundred thirteen and one-half days, and $8 a day wages of the plaintiff. The defendant refused to pay upon demand, and thereafter this suit was brought to recover the amount due according to the agreement of the parties at the time the services were completed, the plaintiff admitting $1,000 had been paid. The answer alleged and kept good a tender of $775 which the defendants claimed to be the balance due. The reply admitted the tender and alleged a refusal to accept it in full. At the trial of the case before a jury, upon the conclusion of the testimony on behalf of the plaintiff, the court granted a nonsuit upon the motion of the defendants. The plaintiffs have appealed.

In the pleadings and proof, in addition to appellant's wages and the use of the boat building plant, there were two items amounting to $309 of which there was no dispute. The appellants, deeming it important, contend that the complaint should be construed as declaring upon both an express contract and *quantum meruit*. Without setting out the complaint, or such of it as would be necessary for a clear discussion of it, it is sufficient to say that, in our opinion, the complaint as it is now framed sets up a cause of action only on contract. However, the evidence introduced on behalf of the appellant was sufficient to take the case to the jury. The evidence shows, without contradiction or objection, that one hundred thirteen and one-half days were employed in finishing the boat, that the original understanding was as hereinbefore stated, but that, upon completing the services, the agreement was modified, as already mentioned, to terms acceptable to both parties, which latter was the agreement set out in the complaint.

In support of the nonsuit respondents contend that, under the pleadings and proof, nothing was due for wages, and that the $1,000 paid, together with the

tender of $775, more than satisfied the valid demands of the appellants. However, the proof showed one hundred thirteen and one-half days rental for the use of the premises at $13.76 per day, amounting to $1,561.76, and two items not disputed of $309, making a total of $1,870.76, or $95.76 in excess of the $1,775. Nor can we agree with the respondents' contention that, under the pleadings and proof, there was nothing due the appellant for wages. We have already seen that the complaint alleged an agreement to pay $8 per day, and the record shows that the appellant repeatedly testified that the agreement was he should receive $8 per day.

Manifestly, what counsel have in mind as a basis for their argument occurred in the cross-examination of the appellant when in answer to the question "Did you ever present him any bill at all before the boat was taken away?" he answered, "No. When we settled up, I had my bill heads in my hand for a scratch pad, and we were talking, and I scratched on this bill head, I says, 'Now credit the mill, or something to that effect, with two men's work, and old man Staples, no matter what you were to pay him, or something like that.' " This language, fairly construed in all of its setting, is in no sense to be construed as argued by the respondents. In all his talk with the respondent appellant had fixed the value of the use of his boat building plant in terms of carpenters' wages, and had as uniformly insisted that his own wages should be $8 per day. It appears that, at the conclusion of the work, he had learned that the wages paid by the respondent to his other carpenters were $6.88 each per day, and now that they were making a modified or new agreement, and for that purpose in fixing the price for the use of the plant, still measuring its value in the terms of carpenters' wages, appellant selected

the smaller wage of $6.88 that had been paid to each of the others "no matter what you were to pay him." Not a waiver of his claim for wages, but simply eliminating his per diem in the selection of those to be used as a standard in fixing the value of the use of the plant.

In the light of the whole of his testimony, it is almost impossible to construe the language cited differently from that just suggested, and most certainly it cannot be said, as a matter of law, that a jury would not be altogether justified in so understanding it. Indeed, it appears that was the impression received by counsel for the appellant at the time, for an examination of the record shows that thereafter in the continued cross-examination of the appellant he was asked time and time again what work he did in earning the wages claimed. He was asked concerning the amount of over-time he had worked and the agreement with reference to it, whether he figured straight time or excluded Sundays and holidays, and if his work was on the boat or in the mill. He was required to go into details and testify as to the different parts of the boat he personally worked on, the kinds and sizes of lumber he prepared, if he sawed or resawed the lumber, to specify the number of sashes and doors for the boat that he built in the mill, and numerous other things, seemingly intended to test the good faith of his claim that he had worked continuously throughout the whole period of time the boat was in the process of being completed.

In this view of the record, the question easily arises why all such continued cross-examination if the appellant had already testified in a way that would justify one in thinking he had waived, or stated to the respondent that he waived, his claim for wages at $8 per day, concerning which at all other times he testified positively that his wages were to be $8 per

day within the acceptance and agreement of the respondents? The case should not have been taken from the jury.

Reversed and remanded with directions to set aside the judgment of nonsuit and dismissal of the action.

PARKER, C. J., MACKINTOSH, BRIDGES, and HOLCOMB, JJ., concur.